AF Approval                     Chief Approval  KMH

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 6:16-cr-19-Orl-41TBS

WILLIAM JAMES LEACH

## **PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.

Lee Bentley, III, United States Attorney for the Middle District of Florida, and the

defendant, WILLIAM JAMES LEACH, and the attorney for the defendant, Sean

M. Wagner, mutually agree as follows:

## A.    **Particularized Terms**

### 1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment. Count One charges the defendant with enticement of a minor to

engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

### 2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of 10 years up to life, a fine of $250,000, a term of supervised

release of at least five years to life, and a special assessment of $100 per felony

count for individual.

Defendant's Initials W. L.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: The Defendant knowingly persuaded, induced, enticed or coerced SD to engage in sexual activity;

Second: The Defendant used the mail or a facility of interstate commerce to do so;

Third: When the Defendant did these acts, SD was less than 18 years old; and,

Fourth: One or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the law of Florida.

4.      No Further Charges

If the Court accepts this plea agreement, the United States
Attorney's Office for the Middle District of Florida agrees not to charge defendant
with committing any other federal criminal offenses known to the United States
Attorney's Office at the time of the execution of this agreement, related to the
conduct giving rise to this plea agreement.

5.      Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution
to SD for the full amount of SD's losses as determined by the Court. Further,
pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose
bifurcation of the sentencing hearing if SD's losses are not ascertainable prior to
sentencing.

6.      Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse
information is received suggesting such a recommendation to be unwarranted,
the United States will recommend to the Court that the defendant receive a two-
level downward adjustment for acceptance of responsibility, pursuant to USSG
§3E1.1(a). The defendant understands that this recommendation or request is
not binding on the Court, and if not accepted by the Court, the defendant will not
be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level
prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials  W. Y.          3

complies with the provisions of USSG §3E1.1(b) and all terms of this Plea

Agreement, including but not limited to, the timely submission of the financial

affidavit referenced in Paragraph B.5., the United States agrees to file a motion

pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.

The defendant understands that the determination as to whether the defendant

has qualified for a downward adjustment of a third level for acceptance of

responsibility rests solely with the United States Attorney for the Middle District of

Florida, and the defendant agrees that the defendant cannot and will not

challenge that determination, whether by appeal, collateral attack, or otherwise.

> 7.   Low End

At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

the United States will recommend to the Court that the defendant receive a

sentence at the low end of the applicable guideline range, as calculated by the

Court.  The defendant understands that this recommendation or request is not

binding on the Court, and if not accepted by the Court, the defendant will not be

allowed to withdraw from the plea.

> 8.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately

and voluntarily any and all assets and property, or portions thereof, subject to

forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of

the United States, the defendant or defendant's nominees.  The assets to be

forfeited specifically include, but are not limited to, the following: Apple iPhone 6S, which asset was used in the commission of the offense as described in Count One of the Indictment.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is

omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed

beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

9. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's

school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## B. **Standard Terms and Conditions**

### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to,

garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

### 2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

### 3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the

background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial

affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

     6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not

such decision is consistent with the government's recommendations contained herein.

    7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

        The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

    8.    <u>Middle District of Florida Agreement</u>

        It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _W L_         12

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if

defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

      11.    <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

Beginning at least as early as in or about September 2015 and continuing through on or about January 18, 2016, in Brevard and Marion Counties, in the Middle District of Florida, **WILLIAM JAMES LEACH**, the defendant, used the United States mail, his Apple iPhone 6S, and the Internet to knowingly persuade, induce, entice and coerce SD, an individual who had just turned 16 years old (hereinafter "victim"), to engage in illegal sexual activity under Florida law.

The defendant, who lived on the same street as the victim in Brevard County, initiated contact with the victim in about February 2014, when the victim was 14 years-old and in the 8th grade. The defendant told the victim that he liked her sneakers and commented that his granddaughter would also like the shoes. Thereafter, the defendant befriended the victim by engaging her in conversation as she passed his house to and from the school bus stop. Eventually, the defendant gained the victim's trust by initially giving her small presents, such as dream catchers, stickers and note pads, and then giving her more substantial presents, such as money (5 dollars here and there), cards and make-up. The defendant also gave the victim rides to and from school so that she would not have to take the bus.

The defendant persuaded the victim to keep their relationship a secret from her parents. At times, the defendant touched the victim on her leg or arm, and tried to kiss her forehead. The victim told the defendant not to touch her. On one occasion, the defendant fondled the victim's buttocks and vaginal area over her clothes while they were in the defendant's garage. The victim was scared and ran out of his garage to her house. The defendant responded by sending the victim apology notes and begging for her forgiveness.

The defendant also engaged the victim in sexual conversation and showed her adult magazines that advertised sexual devices and paraphernalia. The magazines illustrated adults using the devices. The defendant purchased

Defendant's Initials _W_ _Z_          15

several of the sexual devices, such as a dildo and a vibrator, and gave them to the victim.

In September, 2015, a few days after the victim's 16th birthday, the defendant moved to Ocala. Before he left, he gave the victim sexual paraphernalia and devices, such as lubricant, a dildo, and condoms. The defendant continued to communicate with the victim via cell phone, and sent the victim cards, money and sexual devices through the United States mail. In the Fall of 2015, the defendant used his cell phone to entice and persuade the victim to send him sexually explicit pictures, and to engage the victim in sexual conversation.

In December, 2015, the defendant talked with the victim via cell phone and persuaded her to meet with him before she went to school. Thereafter, the defendant drove from Ocala and rented a room at the Motel 6 in Palm Bay Florida. On the morning of December 14, 2015, the defendant drove to the victim's home in Brevard County, Florida and drove the victim to the Motel 6, where he engaged the victim in unlawful sexual activity, which consisted of digital vaginal penetration and oral copulation. The defendant then took the victim back to school, but before they arrived at the school, the defendant engaged the victim in sexual activity, which consisted of digital vaginal penetration, in his Camero.

When the defendant returned to Ocala on December 16, 2015, he sent the victim two dildos through the United States mail. Like the other packages that the defendant had sent the victim, the defendant listed the victim's name and address as the sender and the recipient on the mailing envelope. The victim's mother found the package and devices and notified the police.

On January 15, 2016, the victim placed a controlled recorded phone call to the defendant on his cell phone, which was monitored by law enforcement officers. During the call, the defendant asked the victim if she received his text message about the package he planned to mail her. The defendant said that he planned to send the victim four pairs of underwear and some money. The victim asked why he was sending her underwear, and the defendant replied that they were to replace the pair of hers that he took. The victim asked how he had her underwear, and the defendant replied that he took them from the motel room. The defendant also acknowledged mailing sexual devices to the victim.

Thereafter, the defendant (**LEACH**) and the victim (V) exchanged the following text messages, among others:

- 1/15/2016 6:55 PM (**LEACH**) [V]!! I got the room booked sun mon tues

- 1/15/2016 7:30 PM (V) Do you know the room number?

- 1/15/2016 7:33 PM (**LEACH**) No. I tried to get the same one 401, it occupied so I won't know until I get there.

- 1/15/2016 7:35 PM (V) Alright.
- 1/15/2016 7:42 PM (**LEACH**) I'm already packin my suitcase and my bath rm stuff! Cuz I'm out of here sun. I can't wait to see you! I text while back and told you how beautiful you looked on New Year's Eve
- 1/15/2016 7:42 PM (V) I did look good. Lol
- 1/15/2016 7:47 PM (**LEACH**) You looked awesome honey!! I just wanted to hold you so tight and never let go! OMFG your beautiful (heart)
- 1/15/2016 10:42 PM (**LEACH**) I just noticed that you read what I text you earlier at 9:59pm. WTF happened
- 1/16/2016 12:03 AM (**LEACH**) [V] I'm going to Spencer's tomorrow
- 1/16/2016 12:05 AM (**LEACH**) To get the toys is there anything else you need??
- 1/16/2016 4:45 PM (V) What time Monday
- 1/16/2016 4:48 PM (**LEACH**) Tell me what time to pick you up! Cuz I will be at the motel Sunday at around 5 o clock
- 1/16/2016 4:51 PM (**LEACH**) Any time you want. We're gonna spend the hole day together right
- 1/16/2016 4:52 PM (V) Yeah

Defendant's Initials     18

- 1/16/2016 4:54 PM (**LEACH**) That's awesome I'm so happy I could fuckin scream

On January 17, 2016, the defendant sent a text to the victim advising that he was in the hotel room at Motel 6 and that he would pick her up on Monday. On January 18, 2016, Palm Bay detectives followed the defendant as he left the Motel 6 in his black Chevy Camaro. The defendant was arrested down the street from the victim's residence. The detectives searched the defendant incident to arrest and found handwritten notes in his pockets. The notes were lists of items that he planned to buy for his trip (beer, vodka), the victim's address and phone numbers, and a diary of his thoughts and the events that occurred previously in the hotel room, including statements such as "motel-you said you didn't think it was gonna end up like it did (sex)" and "you said I could go to jail."

Law enforcement officers seized the following items from the defendant's room #403 at the Motel 6: (1) liquid lubricant, (2) packaging for sexual devices, (3) a valentines card addressed to the victim and containing $40, (4) a box of condoms, (5) a yellow mailing envelope listing the victim's name and address as the sender and recipient and containing four pairs of superhero female underwear, (6) a receipt for the purchase of sex devices from Spencer's, (7) sexual devices, including a vibrator and a dildo, (8) marijuana, (9) alcohol, and (10) Star Wars t-shirts that were gifts for the victim.

On or about December 29, 2015, detectives recovered several items from the victim's bedroom that the defendant had given to her, including (1) a card congratulating her on entering the 10th grade with a handwritten note that she was a "beautiful and amazing girl;" (2) a handwritten note in which he apologized for his conduct, asked her to forgive him, and wished her Happy 15th birthday; (3) a card wishing her happy 16th birthday; (4) a friendship card with enclosed stamps and a handwritten note "don't let your mom get these stamps;" (5) lubricant; (6) condoms; and (7) other sexual paraphernalia, including two dildos. In addition, Detectives recovered three United States Postal Service mailing envelopes that the defendant had used to mail the sexual paraphernalia, 16th birthday card, and friendship card. The defendant wrote the victim's name and address as the sender and recipient of the packages, so that the victim's parents would not know that the packages were from him. The envelopes were postmarked on September 29, 2015; November 27, 2015 and December 16, 2015 and mailed from Ocala.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this _15_ th day of ~~March~~ *April*, 2016.

A. LEE BENTLEY, III
United States Attorney

WILLIAM JAMES LEACH
Defendant

Karen L. Gable
Assistant United States Attorney

Sean M. Wagner
Attorney for Defendant

Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division