MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

CASE NO. 6:16-cr-19-Orl-41-TBS

v.

WILLIAM J. LEACH.

_____/

## SENTENCING MEMORANDUM OF WILLIAM LEACH

William Leach, by and through undersigned counsel, submits this sentencing memorandum in advance of sentencing scheduled for July 15, 2016.

Mr. Leach pled guilty to enticing a minor to engage in sexual activity in violation of 18 U.S.C. § 2224(b). Mr. Leach expects that, pursuant to the terms of the Plea Agreement, the United States will recommend the low end of the applicable guidelines range.

The statutory minimum mandatory term of imprisonment for this offense is 120 months (10 years) followed by 5 years of supervised release. Mr. Leach argues in this Memorandum that this Court should follow the Government's anticipated recommendation and impose the minimum mandatory sentence. *See infra*.

### Presentence Investigation Report ("PSR")

The United States Probation Office (hereinafter "Probation") filed its final PSR on July 7, 2016. The final PSR has calculated the total offense level at 31 with a category I criminal history (108-135 months). (PSR ¶¶24-36; ¶ 66). However, because of the 120-month minimum mandatory, the low end of the guidelines is 120 months (approximately halfway in between the bottom and the top of actual guidelines range). (PSR ¶ 66).

### Relevant Sentencing Factors Under 18 U.S.C. § 3553(a)

The Court must consider 18 U.S.C. § 3553(a) in order to impose "a sentence sufficient, but not greater than necessary, to comply with" the goals of sentencing. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007). The factors 3353(a) factors relevant to the Defendant's sentencing are:

1.  <u>The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant</u>.

a.  <u>The Nature and Circumstances of the Offense</u>.

Because this crime involves unlawful sexual activity between a defendant in his 70s and a minor victim, the nature and circumstances of this offense probably do not invoke in this Court an overwhelmingly favorable view of the Defendant or the Defendant's criminal conduct. However, the serious nature and circumstances of this offense are *adequately* reflected in the Defendant's guidelines range and the statutory minimum mandatory sentence. And, there are no aggravating factors present in the nature and circumstances of the present offense that would prompt this Court to sentence in excess of the advisory guidelines range. *See* 18 U.S.C. § 3553(b)(2)(A)(i). Finally, **120 months incarceration is already in the middle of the advisory range that would otherwise apply** in the absence of a statutory minimum mandatory. Thus, even considering the serious nature of the facts of this offence, a sentence that *already* substantially exceeds the 108 month low-end is appropriate this case.

b.  <u>The History and Characteristics of the Defendant</u>.

The totality of the Mr. Leach's life is a compelling reason the follow the Government's anticipated recommendation and sentence the Defendant to 120 months, followed by 5 years of supervised release.

As detailed in the PSR, Mr. Leach—now well into his 70s—has lived an exemplary life. (PSR ¶¶43-50). He worked as a union carpenter to support his family until his health prevented him from continuing this physically demanding profession. To this day, he collects a union pension for the years of work he did as a carpenter. (PSR ¶ 61).

Mr. Leach is devoted to his family. When he believed his aging mother was not receiving adequate care in his sister's home, he took it upon himself to move her into an assisted living facility. (PSR ¶ 45). His daughter, Debora Devlin, states that Mr. Leach was a "great" father to her while she was growing up. (PSR ¶ 48). When his wife fell ill with cancer, Mr. Leach took it upon himself to care for her in their home. (PSR ¶ 47). After his wife died in 2007, Mr. Leach lived alone as a widower in his home in Palm Bay, Florida until September of 2015. During the commission of the criminal offense, Mr. Leach's only immediate family consisted of his daughter, son-in-law and two granddaughters. (PSR ¶¶ 47-50).

Until his arrest for the present offense, Mr. Leach had never been involved in the criminal

justice system. (PSR ¶¶ 40-42).

Mr. Leach's advanced age also weighs against a sentence that exceeds the Government's anticipated recommendation. *See* USSG § 5H1.1. Mr. Leach will be 73 in November of 2016. While he is relatively healthy, even a 120-month prison sentence will see him into his early 80s by the time he is released. Prison is a challenging environment, even for the young and healthy. A long sentence that would see Mr. Leach into his mid-80s or beyond is not necessary to effect the goals of sentencing. *See* 18 U.S.C. § 3553(a)(2).

2. <u>The need for the Sentence Imposed-- to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; to Afford Adequate Deterrence to Criminal Conduct; to Protect the Public from Further Crimes of the Defendant; and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or other Correctional Treatment in the most Effective Manner</u>.

As noted above, even the minimum 120-months imprisonment, will sufficiently effect the goals of sentencing. Mr. Leach will be on supervised release for at least 5 years, with mandatory conditions related to the nature of his offense, and he will likely be in his 80s when he starts this supervised release. Even a minimum term of 5-years of supervised release will provide monitoring of Mr. Leach until his mid-to-late 80s. If the Court believes that Mr. Leach needs to be supervised for longer than 5 years, the Court has that option without increasing Mr. Leach's prison sentence beyond the minimum 120 months.

In sum, unless the Court believes that it needs to imprison Mr. Leach for the rest of his useful life, the minimum mandatory sentence is sufficient, but not greater than necessary to effect the goals of sentencing.

3. <u>The kinds of Sentences Available</u>.

Mr. Leach will be on supervised release for at least 5 years following his release from the bureau of prisons. There are standard conditions of supervised release and conditions specific to the nature of the offense. This Court has wide discretion to fashion conditions of supervised release that would render a longer prison sentence unnecessary given the totality of the circumstances of the offense and Mr. Leach's history and characteristics.

As such, Mr. Leach respectfully suggests that this Court impose a sentence of 120-months in prison followed by 5 years of supervised release with appropriate conditions.

## Certificate of Service

      I hereby certify that on July 8, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                        Respectfully submitted,

                                      By: /s/Sean M. Wagner
                                          Sean M. Wagner
                                          Florida Bar No. 14042
                                          Wagner & Wagner, P.A.
                                          Attorney for Julian Roland
                                          1900 S. Harbor City Blvd., Suite 124
                                          Melbourne, FL 32901
                                          Telephone: (321) 433-0737
                                          Fax: (800) 516-8243
                                          E-mail: swagner@wagner-wagner.net